### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **LULZIM DERVISHI,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-1940-P-BK** |
| | § | |
| **SCOTT WEBER, ICE/ERO, Interim** | § | |
| **Director, Dallas Field Office,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, an alien subject to a final order of removal, filed an *Emergency Motion for Writ of Habeas Corpus under 28 U.S.C. § 2241*. For the reasons that follow, it is recommended that the petition be dismissed with prejudice.

Petitioner was released from detention under Immigration Custom Enforcement's (ICE's) Alternatives to Detention (ATD) program and placed on an ankle monitor.  (Doc. 7 at 2).  He requests an order (1) requiring ICE to take off his ankle monitor and remove him from the Intensive Supervision Appearance Program (ISAP), and (2) directing the Department of Justice (DOJ) to investigate the ISAP.  (Doc. 2 at 5).  Respondent advises that Petitioner is no longer on an ankle monitor and that his claims lack merit. (Doc. 7 at 2).  Petitioner did not reply.

The removal of the ankle monitor renders Petitioner's first claim moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (case-or-controversy requirement subsists through all stages of a federal judicial proceeding and requires that parties continue to have personal stake in the outcome of a lawsuit throughout litigation).  In addition, Petitioner presents no argument to support his removal from the ISAP, and his request for a DOJ investigation is not cognizable in a

habeas corpus action, which is designed to remedy only constitutional violations. *See Iruene v. Weber*, 3:12-CV-1864-O-BH (N.D. Tex. Aug. 1, 2012) (findings and conclusions recommending that habeas petition be denied because the ISAP, including ankle bracelet requirement, does not violate an alien's due process rights, and because the request for an investigation was not cognizable in a federal habeas proceeding). Therefore, Petitioner's second and third grounds lack merit.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice.

SIGNED October 18, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE